IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOYS "R" US, INC., TOYS "R" US – DELAWARE, INC., and GEOFFREY, LLC, | ) ) ) ) | ELECTRONICALLY FILED |
| Plaintiffs, | ) ) ) | Case No. 1:11-cv-00820-JEJ (Hon. John E. Jones III) |
| v. | ) ) | |
| SMOKES R US OF PA CORP. d/b/a SMOKES 'R US, CASH TREE CORP. d/b/a SMOKES R US, and RISHI PARIKH, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs, TOYS "R" US, INC., TOYS "R" US – DELAWARE, INC., and GEOFFREY, LLC (collectively "TOYS"), brought this action against Defendants, SMOKES R US OF PA CORP d/b/a/ SMOKES 'R US, CASH TREE CORP. d/b/a SMOKES R US, and RISHI PARIKH (collectively, "SRU"), for trademark dilution, trademark infringement, cybersquatting, false designation of origin and unfair competition, and refusal of a pending SRU trademark application, all pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*; trademark dilution and infringement under the Pennsylvania Trademark Act, 54 Pa.C.S. §§ 1101 *et seq.*; and common law trademark infringement and unfair competition. In order to settle their dispute, the parties have entered into a separate, confidential settlement

agreement ("Settlement Agreement") and have agreed, consented, and stipulated to the entry of this Consent Judgment and Permanent Injunction ("Order"). Accordingly, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:

1. Plaintiff Toys "R" Us, Inc. ("TRU") is a corporation organized and existing under the laws of the State of Delaware, with its global headquarters and principal place of business at One Geoffrey Way, Wayne, New Jersey. TRU owns and operates a number of business divisions worldwide, including Toys "R" Us, U.S.; Toys "R" Us, International; Babies "R" Us; Toysrus.com, Babiesrus.com, Toys.com, FAO Schwarz and KB Toys.

2. Plaintiff Toys "R" Us – Delaware, Inc. is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at One Geoffrey Way, Wayne, New Jersey. Toys "R" Us – Delaware, Inc. is a direct subsidiary of, and serves as the North American operating company for the various business divisions of, TRU. Toys "R" Us – Delaware, Inc. is licensed to do business in Pennsylvania, and operates nine stores in the greater Harrisburg area.

3. Plaintiff Geoffrey, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at One Geoffrey Way, Wayne, New Jersey. Geoffrey, LLC is an indirect wholly

2

owned subsidiary of TRU, and serves as the intellectual property holding company for TRU.

4. Defendant Smokes R Us of PA Corp., d/b/a SMOKES 'R US, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 3901 Jonestown Road in Harrisburg, Pennsylvania; it maintains additional places of business throughout the Commonwealth of Pennsylvania.

5. Defendant Cash Tree Corp., d/b/a SMOKES R US, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 111 Pennsylvania Ave, Matamoras, Pennsylvania; it maintains additional places of business throughout the Commonwealth of Pennsylvania.

6. Defendant Rishi Parikh, an individual, is a citizen of the Commonwealth of Pennsylvania and is an agent and officer of Defendant Smokes R Us of PA Corp.

7. TOYS leads the toys and juvenile products industry, with nearly $13.9 billion in sales in 2010. TOYS operates and licenses over 1600 physical stores using its "R" Us family of brands, including Toys "R" Us and Babies "R" Us stores. For over a decade, TOYS has also offered a broad selection of toys, baby gear and other products online; its branded ecommerce sites, including

3

TOYSRUS.COM and BABIESRUS.COM, had combined net sales of approximately $782 million in fiscal 2010. The company is focused on children families and promoting innocent, carefree fun. TOYS and each of its retail outlets together strive to create a fun, child-oriented environment. TOYS touts that its guiding principle is "We love kids."

8. TOYS also offers philanthropic support to the children of the communities it serves. For example, TOYS: a) is the national partner for Autism Speaks, North America's largest autism science and advocacy organization; b) supports the U.S. Marine Corps' "Toys For Tots" program each holiday season; c) recently donated $1 million as part of its ongoing partnership with Save the Children to help provide relief to children and families impacted by the 2011 earthquake and tsunami in Japan; and d) administers the "Toys 'R' Us Children's Fund," a philanthropic organization which helps to fund nonprofit organizations supporting children in New Jersey.

9. For decades, TOYS has used a family of trademarks based on the fanciful and inherently distinctive "R Us" designation. The family of marks — which includes TOYS "R" US, BABIES "R" US, "R" US, "R" and "я," both with and without quotation marks, alone and with other terms and design elements (collectively, the "R US Family of Marks") — is covered by dozens of valid U.S. federal trademark registrations covering a wide variety of consumer goods and

4

services, many of which are "incontestable" under the Lanham Act. A schedule of registrations covering the R US Family of Marks is attached and incorporated into this Order as **Exhibit A**. The R US Family of Marks also includes common-law marks, the dominant portion of which are the designations "R" and/or "R Us," with and without quotation marks and other design elements. These marks include REWARDS "R" US, R EXCLUSIVE, SPECIAL MOMENTS R US and other R US marks that have been used in connection with the sale of products and the rendering of services, including the advertising and promotion of third-party products sold or distributed by TOYS.

10. TOYS devotes substantial attention and resources to protecting these marks, including, without limitation, by maintaining a vigilant watch over the U.S. federal trademark register, successfully opposing the registration of any infringing or dilutive marks in actions before the Trademark Trial and Appeal Board. As a result, there are no active registrations for any third-party mark incorporating the "R US" designation. TOYS also litigates claims against third parties where necessary. The latter has resulted in favorable results in a variety of federal courts, and before domain name dispute panels.

11. TOYS markets the R US Family of Marks extensively. TOYS has spent billions of dollars on marketing, and it uses the R US Family of Marks on labeling, packaging, and in advertising and promotional campaigns for TOYS'

5

products and services, in a variety of traditional and evolving media, all to reinforce TOYS' wholesome image. As a result of these comprehensive advertising and marketing efforts—in combination with TOYS' high volume of sales, high-quality goods and services, consistent use of brand-identity materials, commitment to safety, and partnership with the communities it serves—TOYS' brands and the R US Family of Marks are undeniably famous throughout the United States (and abroad) and function as symbols of the goodwill that TOYS has generated in its brand. For example, recent (2009) market penetration studies showed that:

    a.    98% of adults over age 18 in the United States are familiar with Toys "R" Us, while in the Northeast, that number reaches 100%.

    b.    95% of adults with children under the age of 17 have heard of Babies "R" Us.

    c.    84% of first-time mothers shop at Babies "R" Us.

    d.    70% of households with kids under 12, and 56% of all U.S. households shop at Toys "R" Us for toys and games.

12.    In 2011, TOYS was named one of the top 50 "Most Valuable U.S. Retail Brands" in an annual ranking by Interbrand, a global branding consulting firm. The TOYS brand is presently valued between $1.1 and $1.4 billion.

13.    TOYS is diligent about enforcing product safety standards, and partners with the Home Safety Council and Safe Kids Worldwide to provide parents and caregivers with valuable information about child safety. Consistent

6

with its commitment to children, TOYS does not sell strictly "adults-only" controlled substances, such as tobacco and alcohol, or offer products intended to promote drug use or substances that are known to be harmful or potentially dangerous to children.

14. Defendant SRU is a retailer of tobacco and related products, operating a chain of stores throughout central Pennsylvania. SRU's main product offering is cigarettes, an indisputably adult product.

15. SRU's storefronts and website, available, at the inception of this suit, at URL http://www.smokesrus.com ("SRU Site"), feature a colorful SMOKES 'R US logo, with an emphasized, bold letter "R" (the SMOKES 'R US name, logo and site each representing an "Accused Mark"). All references to SRU in this Order include the defendant entities and their respective officers, agents, servants, employees, successors, and assigns.

16. In November, 2010, SRU filed a federal trademark application for the mark SMOKES 'R US, for use in connection with "wholesale and retail store services featuring tobacco products," claiming first use of that mark in 2009. The application was published for opposition on April 19, 2011.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under 15 U.S.C., Chapter 22 – Trademarks), 28

7

U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademarks and unfair competition) in that this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court also has subject matter jurisdiction over the state and common law claims of trademark infringement and unfair competition pursuant to 28 U.S.C. §§ 1338 and 1367 (supplemental jurisdiction) in that the claims are joined with a substantial and related claim under the Lanham Act.

2. This Court has personal jurisdiction over Defendants because the corporate defendants' principal places of business are located in Pennsylvania, individual Defendant Rishi Parikh is a resident of and conducts business in Pennsylvania, and TOYS' claims against Defendants alleged herein arise from Defendants' operation of a business or business venture in Pennsylvania and Defendants' commission of tortious acts in Pennsylvania.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

4. Each and every mark comprising the R US Family of Marks is a valid, enforceable, famous, and inherently distinctive trademark for the goods or services listed in the registration for that mark. These registrations are valid and protected under the Lanham Act and provide TOYS with the exclusive right to use the R US Family of Marks in commerce in the United States, the Commonwealth of Pennsylvania, and this Judicial District. 15 U.S.C. § 1115(a). TOYS also has valid and protectable common law rights to its R US Family of Marks. *C.f. Geoffrey*

8

*Inc. v. Stratton*, 951 F.2d 359 (9th Cir. 1991) (upholding a district court opinion finding that the "R US" designation is a fanciful mark coined by TOYS, is part of a protectable "family" of marks, and was infringed and diluted by the use of "PHONES-R-US"); *Toys "R" Us, Inc. v. Akkaoui*, No. 96-3381, 1996 WL 772709, *2-3 (N.D. Cal. Oct. 29, 1996) (finding that the R Us Family of Marks is famous, distinctive and was diluted by the use of "Adults R Us" in connection with a line of sexual products).

5. Because the "R US" designation is a coined, fanciful term, it is considered "inherently distinctive." *Commerce Nat. Ins. Svcs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438, n.5 (3d Cir. 2000). Marks are considered "famous" for purposes of the Lanham Act if they are "widely recognized by the general consuming public of the United States as a designation of source." 15 U.S.C. § 1125(c)(2)(A). The R US Family of Marks gains its fame and distinctiveness primarily from the coined nature and distinctiveness of the term "R US" and the extensive use and promotion of the R US Family of Marks by TOYS and its affiliated companies. *Hershey Co. v. Pagosa Candy Co.*, No. 1:07-CV-1363, 2008 WL 1730538, *1 (M.D. Pa. April 10, 2008).

6. By reason of this extensive advertising, promotion, and sale of TOYS' family of R US products and services, the R US Family of Marks has acquired, and now enjoys, widespread fame and secondary meaning signifying TOYS' products

9

and services. It is therefore fair to characterize the R US Family of Marks, collectively, as a global "super brand" that reinforces TOYS' image as the preeminent retailer of a wide range of toys and baby and children's products. *Cf.* J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION, § 23:61 (2011 online ed.) (recognizing the R US Family of Marks to be one of a select group of famous trademark families, which includes McDonald's "MC" family of marks and Kodak's "KODA" family, among others).

7. The salient portion of the Accused Marks, namely "R US," is identical to a valid and protectable registered trademark owned by TOYS.

8. SRU has used the Accused Marks in interstate commerce, in the Commonwealth of Pennsylvania, and in this Judicial District without TOYS' consent.

9. By using the Accused Marks in commerce, SRU has lessened and is likely to continue to lessen the capacity of the R US Family of Marks to identify and distinguish TOYS' family of brands. The association from the similarity between the Accused Marks and the R US Family of Marks impairs the distinctiveness of the R US Family of Marks. TOYS has commissioned a consumer study demonstrating that 37% of TOYS' target customers made an unaided association between the Accused Marks as depicted on SRU's storefront, and one or more of the R US Family of Marks, and this is strong and credible evidence of

"actual association" sufficient to establish dilution by blurring. *Compare WAWA, Inc. v. Haaf*, 40 U.S.P.Q. 2d 1629, *7-8 (E.D. Pa. 1996) (survey indicating 29% of respondents associated Defendant's HAHA mark with Plaintiff's WAWA mark was credible evidence of dilution), *aff'd*, 116 F.3d 471 (3d. Cir. 1997); *see also Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 110 (2d Cir. 2009) (30.5% association was evidence of dilution); *Jada*, 518 F.3d at 636 (28% association was "significant evidence" of dilution); *Nat'l Pork Bd. et al v. Supreme Lobster & Seafood Co.*, 96 U.S.P.Q. 1479, *13 (T.T.A.B. 2010) (study indicating 35% unaided association was "reliable and persuasive" evidence of dilution).

10. By using the Accused Marks in commerce, SRU has tarnished the child-oriented R US Family of Marks by associating them with cigarettes or other tobacco products. *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 507 (2d Cir. 1996).

11. SRU's adoption and use of the "SMOKES 'R US" mark constitutes infringement of the R US Family of Marks. It also constitutes dilution, both by blurring and tarnishment.

12. SRU's use, whether directly or indirectly, of SMOKES 'R US, SMOKESRUS.COM, or words or marks similar to the federally registered R US Family of Marks, including, without limitation, any mark containing "R US," "are us," or any similar component, is likely to cause dilution, confusion, or mistake, or

11

to deceive, on goods or services of any kind, including, without limitation, as a business name.

13. SRU's use, in any manner, of the SMOKESRUS.COM domain name, or similar terms or phrases in a domain name, is likely to cause confusion or dilution to TOYS' Marks.

The Court accepts that SRU has represented and warranted that it will not challenge or cause to be challenged, directly or indirectly, or assist, aid, or encourage others in challenging the validity or enforceability of any of the R US Family of Marks in any court or other adjudicative or administrative forum, including the United States Patent and Trademark Office ("USPTO"). The Court further accepts that SRU has agreed that this binding Order constitutes *res judicata* as to the validity of the R US Family of Marks. The Court understands that, in addition to the injunctive relief provided in this Order, SRU will remunerate Plaintiffs in accordance with the terms of the parties' Settlement Agreement.

IT IS THEREFORE ORDERED as follows:

Defendants SMOKES R US OF PA CORP d/b/a/ SMOKES R US, CASH TREE CORP. d/b/a SMOKES R US, and RISHI PARIKH, as well as each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

a. Are to immediately desist and are permanently enjoined from:

i. Using, whether directly or indirectly, SMOKES 'R US, SMOKESRUS.COM, or any other mark or word confusingly similar to the federally registered R US Family of Marks, including, without limitation, any mark containing "R US," "are us," or any similar component, on or in connection with goods or services of any kind, including, without limitation, as a business name;

ii. Using in any manner the SMOKESRUS.COM domain name, or using in a domain name any other term or terms likely to cause confusion or dilution to TOYS' Marks;

iii. Doing any other act or thing likely to confuse, mislead, or deceive others into believing that SRU or any of their respective products or services emanate from TOYS, or are connected with, sponsored by, or approved by TOYS or any of its family of brands;

iv. Aiding or assisting any person in engaging in any of the acts prohibited by subsections (i) through (iii) above; and

b. Are directed to expressly abandon the pending application for the SMOKES 'R US mark, U.S. Serial No. 85/170,444, within thirty (30) days of entry of this Order or, if the mark has already registered, surrender the registration to the USPTO for cancellation; and

c. Are directed to transfer all rights in the domain name SMOKESRUS.COM to TOYS and deliver to TOYS all documents evidencing ownership of such domain name within thirty (30) days of the entry of this Order; and

d. Are directed to cancel any other registered domain name, or online account or page (including, without limitation, any social media or file sharing account or page) that uses the Accused Marks in any way, with the understanding that some pages may be cached on various search engines and their removal is outside of the control of SRU; and

e. Are directed to surrender to TOYS or destroy, within seven (7) days of the entry of this Order, any existing marketing, advertising, or

13

promotional materials in the nature of signs, posters, flyers, handouts, shopping bags, coasters, matchbooks, lighters, key chains, or the like which bear or include any of the Accused Marks; and

f. Are directed to change the name of Defendant corporation SMOKES R US OF PA CORP. within thirty (30) days of the entry of this Order so as to comply with the terms of section (a), above; and

g. Are directed to file with this Court within forty-five (45) days of entry of this Order, and serve on TOYS within three (3) days of filing, a written report under oath setting forth in detail the manner and form in which SRU has complied with the injunction pursuant to 15 U.S.C. § 1116.

The undersigned parties certify that they have consulted with counsel prior to signature and are authorized to execute this Order on behalf of their respective entities.

STIPULATED AND AGREED TO:

TOYS "R" US, INC.

By _____

Printed Name MATTHEW LONGAR
Vice President - Corporate Counsel

Title _____

Date 6/16/2011

SMOKES R US OF PA CORP.

By _____

Printed Name RISHI B. PARIKH

Title PRESIDENT

Date 06/17/11

14

**TOYS "R" US – DELAWARE, INC.**

By _[signature]_

Printed Name: MATTHEW LONGAR
Vice President - Corporate Counsel

Title: _____

Date: 6/16/2011

**GEOFFREY, LLC**

By _[signature]_

Printed Name: MATTHEW LONGAR
Vice President - Corporate Counsel

Title: _____

Date: 6/16/2011

**CASH TREE CORP.**

By _[signature]_

Printed Name: RISHI B. PARIKH

Title: VICE PRESIDENT

Date: 06/17/2011

**RISHI PARIKH**

_[signature]_

Date: 06/17/11

SO ORDERED on this 20th day of June, 2011

_[signature]_
John E. Jones III
United States District Court Judge

15

# EXHIBIT A

# SCHEDULE OF "R" US TRADEMARKS

| MARK | REG NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| TOYS"R"US | 902,125 | 11/10/70 | Children's toys and toy novelties |
| TOYS"R"US | 1,215,353 | 11/2/82 | Retail department store services |
| TOYS "R" US | 2,019,153 | 11/26/96 | Online retail store services featuring computer related products |
| BABIES "R" US | 2,046,673 | 3/18/97 | Retail department store services |
| TOYS "R" US | 2,063,369 | 5/20/97 | Credit card services |
| "R" US | 2,282,394 | 10/5/99 | Retail department store services |
| TOYS R US (logo) | 2,362,269 | 6/27/00 | Retail department store services |
| TOYS "R" US | 2,364,201 | 7/4/00 | Retail department store services |
| TOYSRUS.COM | 2,370,396 | 7/25/00 | Online retail department store services |
| R US | 2,442,370 | 4/10/01 | Gift cards |
| STICKERS "R" US | 2,467,339 | 7/10/01 | Vending machines featuring stickers and tattoos |
| (R logo) | 2,469,154 | 7/17/01 | Retail department store services |
| BABIES "R" US | 2,494,425 | 10/2/01 | Gift registry services |
| 1-888-BABYRUS | 2,587,410 | 7/2/02 | Providing customer services and merchandising information by telephone |
| BABIESRUS.COM | 2,691,300 | 2/25/03 | Online retail store and retail store services |
| TOYS "R" US | 2,758,567 | 9/2/03 | Truck hauling services |

| MARK | REG NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| TOYS "R" US | 2,797,686 | 12/23/03 | Charitable fundraising and grantmaking services |
| SPORTSRUS.COM | 2,813,374 | 2/10/04 | Online retailing in the field of sporting goods |
| (star design) | 2,715,408 | 5/13/03 | Retail department store services and on-line retail services |
| GEOFFREY'S TOYS "R" US | 2,970,366 | 7/19/05 | Retail department store services |
| SPORTS "R" US | 2,981,142 | 8/2/05 | Online retail store services featuring sporting goods, games, and apparel and retail department store services |
| "R" ROOM | 2,988,090 | 8/23/05 | Retail department store services |
| TOYS "R" US TOY BOX | 3,003,574 | 10/4/05 | Retail store services in a section of a food store featuring a variety of consumer goods, namely, toys, games, sporting goods, arts and crafts goods, and bicycles |
| BIRTHDAYS "R" US | 3,065,294 | 3/7/06 | Birthday party planning |
| BECAUSE WHEN IT'S TIME TO GIVE BABY THE WORLD… IT'S TIME FOR BABIES "R" US | 3,247,578 | 3/29/07 | Retail store and online retail store services featuring baby and children products |

| **MARK** | **REG NO.** | **DATE** | **GOODS OR SERVICES** |
|---|---|---|---|
| Я (s for Rewards!) | 3,621,074 | 5/12/09 | Financial services, namely, providing credit card services, charge card services, and issuing stored value prepaid and discount cards |
| Я | 3,647,537 | 6/30/09 | Retail store and online retail store services all featuring toys, games, playthings, bicycles, arts and crafts products, baby products, furniture, and interior decoration products |
| ЯUS | 3,647,541 | 6/30/09 | Retail store and online retail store services all featuring toys, games, playthings, bicycles, arts and crafts products, baby products, furniture, and interior decoration products |
| Я | 3,655,643 | 7/14/09 | Retail store and online retail store services all featuring toys, games, playthings, bicycles, arts and crafts products, baby products, furniture, and interior decoration products |
| Яmarket | 3,739,444 | 1/19/10 | Retail store and online retail store services featuring food and beverages, cleaning and paper products, and health, beauty, and first-aid products |

| MARK | REG NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| TOYSRUS | 3,859,458 | 10/12/10 | Retail store and online retail store services all featuring toys, games, playthings, bicycles, arts and crafts products, baby products, furniture, and interior decoration products |
| S ⬥O ⬥R | 3,895,640 | 12/21/10 | Confectionary products and beverages and retail store services featuring confectionary products and beverages |
| BABIES "R" US | 3,895,642 | 12/21/2010 | Clothing for infants and children |